UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| BARBARA MITCHELL,<br><br>                        Plaintiff,<br><br>And<br><br>PETTWAY-BAYLIS CORPORATION<br>d/b/a RISING STAR HEALTH SERVICES,<br><br>                        Intervening Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>                        Defendant. | Civil Action No.<br><br>Removed from<br>Third Circuit Court<br>14-014948-NF |

## NOTICE OF REMOVAL

Allstate Insurance Company ("Allstate"), by its attorneys MOBLO, FLEMING & WATT, P.C., removes this action from the Third Circuit Court, State of Michigan, where it is now pending, to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1441(b).  In support of its Notice of Removal, Allstate states as follows:

    1.    Allstate Insurance Company ("Allstate") is a corporation duly organized under the laws of the State of Illinois with its principal place of business in Northbrook, Illinois.

2. On or about November 20, 2014, Plaintiff Barbara Mitchell filed the above-captioned civil action, No. 14-014948-NF, in the Third Circuit Court, State of Michigan. *See* Summons and Complaint, attached as **Exhibit A.**

3. Plaintiff is a citizen and resident of the State of Michigan.

4. In her Complaint, Plaintiff claims to be seeking in excess of $25,000 for No-Fault benefits from Defendant[1], for a May 1, 2014 motor vehicle accident.

5. The summons and complaint were served on Allstate on or about November 24, 2014.

6. On May 11, 2015, Rising Star Health Services ("Rising Star"), an assumed name for Pettway-Baylis Corporation, filed a Motion to Intervene in the above-referenced matter. *See* Rising Star's Motion to Intervene and Brief in Support, attached as **Exhibit B.**

7. Rising Star is a corporation organized under the laws of the State of Michigan with its principal place of business in Detroit, Michigan. *See* Corporation Filing, attached as **Exhibit C.**

8. In its Motion, Rising Star seeks reimbursement of bills totaling $176,040 for replacement and attendant care services allegedly rendered by "employee" Shawnisha Carpenter to Plaintiff following the May 1, 2014 motor vehicle accident.

---

[1] Defendant was assigned Plaintiff's claim by the Michigan Assigned Claims Plan Facility in July 2014.

2

9. Rising Star relies on MCR 2.209 in support of its motion to intervene and argues it is entitled to intervene as a matter of right as well as permissibly in order to protect its own interests in the afore-mentioned lawsuit. **Exhibit B, ¶¶5-7.**

10. Rising Star also argues that its claims and defenses "involve the same governing law and similar facts as the underlying action because all the claims arise out of the same accident or occurrence, the motor vehicle accident." **Exhibit B, ¶8.**

11. Pursuant to the Michigan Court of Appeals decision in *Moody v. Home Owners Ins. Co.*, 304 Mich. App. 415; 849 N.W.2d 31 (2014), when determining the amount in controversy in actions for benefits under the No-Fault Act, M.C.L. 500.3101, *et. seq.*, the claims of the insured/injured party and the medical providers are combined, as the medical provider's claims are entirely derivative of the insured's claims. *See Moody* Opinion, attached as **Exhibit D.**

12. As such, the combined claims being brought against Allstate relative to Plaintiff's No-Fault claim for the May 1, 2014 motor vehicle accident, including the claims brought by Plaintiff and Rising Star, total more than $200,000 and exceed $75,000.

13. Therefore, a controversy exists between Allstate, Plaintiff and Rising Star, and the amount in controversy in the afore-mentioned action is at least $200,000, exclusive of interest and costs, making this case removable to this Court.

3

14. Allstate's Notice of Removal is timely because it is filed within thirty (30) days "… after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b)(3).

15. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 due to the amount in controversy and diversity of citizenship of the parties.

16. Moreover, this Court also has supplemental jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. §1367, as Plaintiff's claim, and the derivative claim of Rising Star, are so related that they form part of the same case or controversy arising out of the same alleged May 1, 2014 motor vehicle accident.

17. The within Notice of Removal will be filed with the Clerk of the Third Circuit Court, State of Michigan, as required by 28 U.S.C. § 1446(d), and copies of the same will be served upon Plaintiff and Rising Star's counsel.

18. Allstate hereby relies upon its Jury Demand previously filed in this matter and demands a trial by jury on the claims at issue in the Complaint(s).

        Respectfully submitted,

        MOBLO, FLEMING & WATT, P.C.

        */s/ Prerana R. Bacon*
        _____
        Prerana R. Bacon (P69680)
        39555 Orchard Hill Place
        Suite 310
        Novi, MI 48375
        734.542.8400
        pbacon@moblofleming.com

        *Attorneys for Defendant*
        *Allstate Insurance Company*

Dated: May 13, 2015

## **CERTIFICATE OF SERVICE**

I, Prerana R. Bacon, hereby certify that on May 13, 2015, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system. I hereby certify that I have mailed a copy of the foregoing document and all exhibits thereto to the following via United States First-Class Mail:

Sam Elia, Esq.
ELIA & PONTO, P.L.L.C.
25800 Northwestern Hwy., Suite 850
Southfield, MI 48075

Jeremy Knox, Esq.
THE LOBB LAW FIRM
26321 Woodward Ave.
Huntington Woods, MI 48070

I further certify that I have filed a copy of the foregoing with the Clerk of the Third Circuit Court, State of Michigan.

/s/ Prerana R. Bacon
_____
Prerana R. Bacon (P69680)
39555 Orchard Hill Place
Suite 310
Novi, MI 48375
734.542.8400
pbacon@moblofleming.com

Dated: May 13, 2015