UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA MITCHELL,

    Plaintiff,

v.

                        Case No. 15-cv-11707
                        HON. GERSHWIN A. DRAIN

ALLSTATE INSURANCE
COMPANY,

    Defendant.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTION TO NOTICE OF REMOVAL [#3] AND CANCELLING HEARING SET FOR JUNE 29, 2015**

On May 1, 2014, Plaintiff Barbara Mitchell ("Plaintiff") was injured in a motor vehicle collision. At the time of the accident, Plaintiff did not possess no-fault vehicular insurance. Plaintiff's claim for personal injury benefits was therefore assigned to Defendant Allstate Insurance Company ("Allstate Insurance") through Michigan's Automobile Insurance Placement Facility.

On November 20, 2014, Plaintiff filed an insurance benefits action in the Third Circuit Court for Wayne County, Michigan. Plaintiff asserted a claim for outstanding no-fault benefits. Plaintiff asserts that she sustained personal injuries that required medical and rehabilitation treatment, household replacement and attendant care services, prescription items and medical appliances, and wage loss benefits. Plaintiff alleges that Allstate Insurance has unreasonably delayed or refused to pay such personal protection insurance benefits, and that her benefits are, consequently, overdue.

1

Interpleader Plaintiff Rising Star Health Services[1] ("Rising Star") provided health care services to Plaintiff arising out of her injuries from the accident. Rising Star subsequently filed a Motion to Intervene as Party Plaintiff in order to recover its costs directly from Allstate Insurance. ECF No. 1-3. In its motion, Rising Star provided a billing summary, which stated that the cost of its services had amounted to $176,040.00. Specifically, Rising Star seeks reimbursement of its incurred costs for replacement and attendant care services.

On May 13, 2015, Allstate Insurance properly filed a Notice of Removal in this Court based on information provided in Rising Star's Motion to Intervene. *See* 28 U.S.C. § 1446(b)(3) (notice of removal is timely if "… after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."). Allstate removed the action based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332.

Presently before the Court is Plaintiff's Objection to the Notice of Removal. ECF No. 3. Plaintiff argues that diversity jurisdiction is lacking because complete diversity of citizenship between the parties does not exist.

In order to remove a civil action based on original diversity jurisdiction, the amount of controversy must exceed $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). In addition, there must also exist complete diversity of citizenship of the parties. 28 U.S.C. § 1332(a). For the purposes of a corporation asserting diversity citizenship, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…" 28 U.S.C. § 1332(c)(1). The statute further provides, however, that, "except that in any direct action against

---

[1] Rising Star filed a Motion to Intervene as Party Plaintiff in the Third Circuit Court for Wayne County. The outcome of the motion has yet to be determined.

the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall [also] be deemed a citizen of every State and foreign state of which the insured is a citizen[.] 28 U.S.C. § 1332(c)(1)(A). Courts generally refer to this statutory provision as the "direct action proviso."

Allstate asserts, based on Rising Star's motion, that the amount of controversy exceeds $75,000. In addition, in its supplemental brief, Allstate cites additional medical bills from Orthopedic, P.C. and Greater Lakes Ambulatory Surgical Center that, in total, amount to nearly $220,000.00. ECF No. 7. Therefore, the jurisdictional amount has been met.

The parties, therefore, primarily dispute whether there is complete diversity of citizenship among the parties. Plaintiff argues that complete diversity of citizenship between the parties is lacking. Plaintiff argues that the direct action proviso applies. Plaintiff further contends that because Allstate Insurance "regularly and continuously writes, adjusts and litigates claims in the State of Michigan[,]" pursuant to the "direct action" proviso stated above, complete diversity does not exist. Pl.'s Obj. to Removal, at 2.

Allstate Insurance, on the other hand, argues that the direct action proviso is inapplicable to the matter at bar because the matter is not a direct action case. Allstate Insurance therefore contends that complete diversity of citizenship exists because both its state of incorporation and principal place of business are located within the state of Illinois. Plaintiff, on the other hand, is a resident of the state of Michigan. Allstate Insurance thus asserts that the parties are completely diverse because this is not a direct action against an insurer and the parties are residents of different states.

Allstate Insurance's contention is correct. In *Ljuljdjuraj v. State Farm Mutual Automobile Insurance Company*, the Sixth Circuit held that the "direct action proviso of §

3

1332(c)(1) does not apply to suits brought by an insured against her own insurer[.]" 774 F.3d 908, 910 (6th Cir. 2014). The Court provided that, "such a suit is not a 'direct action against the insurer of a policy or contract of liability insurance.'" *Id.* (quoting *Ford Motor Co. v. Ins. Co. of N. Amer.*, 669 F.2d 421, 425 (6th Cir. 1982)).

In *Ljuljdjuraj*, the Court reasoned that "[t]he direct action proviso was designed to prevent local tort suits from overwhelming the federal courts." *Id.* The Court further stated, "[t]he language of the statute on its face does not apply where a suit is brought under an insurance policy provision that does not provide for liability insurance[.]" *Id.* at 911. In other words, the direct action proviso does not apply "where a suit is brought under a policy provision that covers the plaintiff on a basis *other than* liability by the insured to the plaintiff." *Id.* (emphasis in original); *see also Hillen ex rel. Frank v. Allstate Ins. Co.*, No. 05-74330, 2006 WL 250038, at *1 (E.D. Mich. Jan. 31, 2006) ("Accordingly, diversity will not be defeated in no-fault insurance disputes where the plaintiff sues the insurance company directly, rather than the owner or operator of the insured vehicle.") (citation omitted); *Lee-Lipstreu v. Chubb Grp. of Ins. Cos.*, 329 F.3d 898, 899-900 (6th Cir. 2003) ("[T]he direct action provision to a dispute solely between an insured and her own insurance company would result in an absurdity-federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state.").

The case at bar is not a direct action, and thus, the direct action proviso does not apply. Here, Plaintiff brings a no-fault action against its own insurer to recover benefits. The proviso is only triggered when such a claim is brought on the basis of tort liability. Consequently, in this case, completely diversity is preserved because the action is concerning coverage under the insurance policy, and therefore, direct action proviso is inapplicable. In addition, Plaintiff is a

citizen of the state of Michigan; Allstate Insurance, as mentioned above, is both incorporated and has its principal place of business in the state of Illinois. Therefore, the opposing parties are citizens of different states, and complete diversity of citizenship thus exists. As a result, this Court is required to retain jurisdiction over the matter.

For the reasons elaborated, Plaintiff's Objection to the Notice of Removal [#3] is **OVERRULED**.

**SO ORDERED**.

Dated: June 24, 2015

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT COURT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically submitted on June 24, 2015, using the CM/ECF system, which will send notification to all parties.

s/A. Chubb
Case Manager