

**UNITED STATES DISTRICT COURT**
FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| **KINIKIA D. ESSIX**<br>COURT ADMINISTRATOR<br>PHONE: 313-234-5051<br>FAX: 313-234-5399 | 539 THEODORE LEVIN UNITED STATES COURTHOUSE<br>231 W. LAFAYETTE BOULEVARD<br>DETROIT, MICHIGAN 48226<br>www.mied.uscourts.gov | DIVISIONAL OFFICES<br>ANN ARBOR<br>BAY CITY<br>FLINT<br>PORT HURON |

August 6, 2021

Elia & Ponto
c/o Adam Ponto
25800 Northwestern Highway, Suite 850
Southfield, Michigan 48075

                In Re: *Mitchell v. Allstate Insurance Company*
                      Case No. 15-cv-11707

Dear Mr. Ponto,

      I have been contacted by Judge Drain who presided over the above referenced case.

      Judge Drain informed me that it has been brought to his attention that while he presided over the case, he owned stock in Allstate Corp. His ownership of stock neither affected nor impacted his decisions on the case. However, had he known of his ownership of stock in the corporation at the time, it would have required recusal under the Code of Conduct for the United States Judges, and thus, Judge Drain directed that I notify the parties of the issue.

      Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned even though that may occur after entry of a decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

      Although Advisory Opinion 71 contemplates disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar consideration would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

     I do not have current address information for your client, Barbara Mitchell. As such, I request that you send a copy of this letter to Ms. Mitchell's last known address, or her current address if you happen to have that information. With advisory Opinion 71 in mind, Ms. Mitchell is invited to respond to Judge Drain's disclosure of a conflict in the case. Should she wish to respond, she should submit her response in writing to me at the address listed above <u>within twenty-one (21) days</u>. Any response will be considered by another judge of this court without the participation of Judge Drain.

                                                          Sincerely,

                                                          Kinikia D. Essix
                                                          Court Administrator